IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| W.H. and Z.H., | CV 22–166–M–DWM |
| Plaintiffs, | |
| vs. | ORDER |
| ALLEGIANCE BENEFIT PLAN MANAGEMENT INC., LOGAN HEALTH f/k/a KALISPELL REGIONAL HEALTHCARE, and the HEALTH BENEFIT PLAN for EMPLOYEES of KALISPELL REGIONAL HEALTHCARE, | |
| Defendants. | |

Plaintiffs brought this suit under the Employee Retirement Income Security Act ("ERISA") asserting three causes of action: (1) a claim for recovery of benefits under 29 U.S.C. § 1132(a)(1)(B); (2) a claim for declaratory judgment and other relief under the Paul Wellstone and Pete Domenici Mental Health Parity and Addiction Equity Act of 2008 (the "Parity Act"), 29 U.S.C. § 1132(a)(3)); and (3) a claim for statutory penalties under 29 U.S.C. § 1132(a)(1)(A) and (c). The parties brought cross-motions for summary judgment. (Docs. 21, 23.) Plaintiffs prevailed on the third count and Defendants prevailed on the first two. Plaintiffs request $56,274.00 in fees and $664.00 in costs. Defendants counter that no fees

1

are warranted, but if any are awarded, they should be capped at $6,710.73. For the reasons stated below, Plaintiffs are awarded $18,758.00 in attorney fees and $664.00 in costs.

ANALYSIS

I. **Fees**

A. **Entitlement to Fees**

As a threshold issue, Defendants argue that because Plaintiffs achieved only limited success, they are not entitled to fees. A court may award reasonable attorney fees to a party that obtains "some degree of success," which is success that is more than "trivial." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010) (internal quotation marks omitted); *see also* 29 U.S.C. § 1132(g)(1). In an ERISA case, success is analyzed under the factors laid out in *Hummell v. S. E. Rykoff & Co.*:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

634 F.2d 446, 453 (9th Cir. 1980). "[N]o single *Hummell* factor is necessarily decisive." *Simonia v. Glendale Nissan/Infiniti Disability Plan*, 608 F.3d 1118, 1122 (9th Cir. 2010). An attorney fee award under ERISA is discretionary. 29

2

U.S.C. § 1132(g)(1). These factors support a fee award here.

The first *Hummel* factor is "the degree of the opposing parties' culpability or bad faith." 634 F.2d at 453. Plaintiffs argue that because the Court found that Defendants harmed Plaintiffs by failing to disclose certain required documents under the Parity Act, Defendants acted in bad faith. But, in the June 4, 2024 Order, the Court declined to determine whether Defendants' violation "was based on a good faith misreading of the law or a bad faith intention." (Doc. 37 at 27.) Nevertheless, Defendants were found to be culpable for failing to comply with their duties under ERISA. (*See id.*)

The second *Hummel* factor requires courts to consider "the ability of the opposing parties to satisfy an award of fees." 634 F.2d at 453. Defendants do not address this factor but given the nature of the entities and the amount of fees at issue, Defendants' ability to pay does not appear to be an issue.

The third *Hummel* factor is "whether an award of fees against the opposing parties would deter others from acting under similar circumstances." *Id.* Plaintiffs contend that this factor weighs in their favor because ERISA plan administrators will be more likely to comply with Parity Act disclosure requirements if the financial penalty for noncompliance was higher. Defendants disagree because "the exact same deterrent effect has already been obtained via the Court's decision to order the maximum statutory daily penalty." (Doc. 39 at 14.) But Defendants cite

3

no authority for their contention that the imposition of attorney fees cannot provide an additional deterrent.

The fourth *Hummel* factor is "whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA." 634 F.2d at 453. Plaintiffs concede that their intention in bringing these claims was primarily to benefit themselves but also argue that they brought this suit to deter future wrongdoing. Defendants argue that Plaintiffs' success here fails to provide any benefit to future participants. As discussed in regard to the third factor, even though Plaintiffs brought this suit primarily for their own benefit, Defendants' knowledge that they may be penalized in the future for similar activity will likely benefit other plan participants.

The fifth *Hummel* factor is " the relative merits of the parties' positions." *Id.* Plaintiffs brought three causes of action. Their first claim was that Defendants "failed to provide coverage for Z.H.'s treatment in violation of the express terms of the Plan," (Doc. 1 at ¶ 79), for which they sought $363,031.43 in damages, (Doc. 18 at 22). Summary judgment was granted in Defendants' favor on this claim because they did not abuse their discretion in providing Plaintiffs with a full and fair review of their decision-making and concluding that Z.H.'s care was not medically necessary. (*See* Doc. 37 at 6.) Plaintiffs' second claim was that Defendants violated the Parity Act by providing inferior mental health benefits.

4

(*See* Doc. 1 at ¶¶ 85–104.) They sought equitable relief, including a declaration that Defendants violated the Parity Act, as well as monetary damages. (*Id.* ¶ 104.) Summary judgment was again granted in Defendants' favor because they did not violate the Parity Act by administering their mental health benefits differently from their medical surgical benefits. (*See* Doc. 37 at 20–22.) Plaintiffs' third claim, the only claim on which summary judgment was granted in their favor, was for statutory penalties imposed for violating Parity Act disclosure requirements. (*See* Doc. 37 at 23.) On this claim, Plaintiffs were awarded $32,340.00, the maximum penalty for the 294 days of violation. Although Plaintiffs did not prevail on two of their claims, they received full success and compensation on their third.

Ultimately, considering these factors cumulatively, Plaintiffs are entitled to a reasonable attorney fee award.

### B. Amount of Fee Award

Plaintiffs seek $56,274.00 in fees for hours worked by three attorneys. (Doc. 38 at 5.) Defendants insist a fee award should be limited to $6,710.73, or the time arguably spent briefing Plaintiffs' sole successful claim. An appropriate award lies somewhere in the middle.

Reasonable attorney fees under ERISA are calculated using a hybrid lodestar/multiplier approach. *McElwaine v. US West, Inc.*, 176 F.3d 1167, 1173 (9th Cir. 1999). A court determines the lodestar amount by multiplying the

number of hours reasonably expended by each attorney's reasonable hourly rate. *Id.* "The party seeking an award of attorney fees must submit evidence supporting the hours worked and the rates claimed." *Van Gerwen v. Guar. Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The court excludes from the lodestar amount hours that are "excessive, redundant, or otherwise unnecessary." *Id.* (quoting *Hensley*, 461 U.S. at 434). The lodestar amount is presumptively reasonable. *Id.* Additionally, "[a] reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." *Hensley*, 461 U.S. at 439. Where a court deems an adjustment is required, it "may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Id.* at 436–37.

As an initial matter, and a matter Defendants do not dispute, Plaintiffs have submitted sufficient evidence supporting the number of hours worked and rates claimed. (*See* Docs. 38-1, 38-2, 42-1.) Brian S. King worked 52.0 hours at a billing rate of $600 per hour. (Doc. 38-1 at ¶¶ 21–22.) Sam Hall claims an hourly rate of $350, working 63.8 hours. (Doc. 38-2 at ¶¶ 6–7.) David T. Lighthall billed 11.2 hours at $245 per hour. (*See* Doc. 38-1 at ¶ 23; Doc. 42-1 at 7–8.) Thus, the next question is whether adjustments to the lodestar are required because: (1) the claims raised were distinct or interrelated, and/or (2) the fees should be

apportioned. *Rhoten v. Rocking J. Ranch, LLC*, 2022 WL 17128639, at *4 (D. Mont. Nov. 22, 2022) (internal quotation marks omitted). The determination of whether claims raised were distinct or interrelated is based on both the legal theories and the facts on which the claims rely. *Id.*

As discussed above, Plaintiffs brought three claims. Defendants argue that each claim asserted a different legal theory. This is correct to a point. For example, the first two causes of action centered around what Plaintiffs argued was an arbitrary and capricious denial of benefits and a misreading of the Parity Act, while the third claim merely required an award of statutory penalties resulting from a failure to disclose certain documents. However, as Plaintiffs point out, the claims share the same legal foundations, i.e., that Z.H.'s rights were not protected under ERISA. Further, each claim shares the same facts—the history of Z.H.'s medical care found in the administrative record. Although Plaintiffs were only successful on one claim, the facts giving rise to each of the three claims were not distinctly different. Instead, all three claims arose from the same allegations of Defendants' failure to comply with the basic requirements of ERISA. Accordingly, Plaintiffs' claims were not distinct from each other, and it is reasonable to include the time spent preparing all claims in the lodestar calculation.

This leaves only the question of "the extent of success relative to the amount of the fee award." *Hensley*, 461 U.S. at 440. If "a plaintiff has achieved only

7

partial or limited success, the product of hours reasonably expended on the litigation as a whole[,] times a reasonable hourly rate[,] may be an excessive amount . . . even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." *Id.* at 436. Because Plaintiffs achieved only partial success, a reduction is warranted.

Defendants propose using a proportional mathematical equation to decrease Plaintiffs' fee award. Specifically, they suggest tallying the number of pages in each brief that Plaintiffs allotted to their third cause of action, comparing that to the total number of pages of briefing, and using that percentage to reduce the fee award. Under this calculation, Plaintiffs expended only 9 out of 58 pages, or roughly 15.5 percent, of their briefing on the issue on which they ultimately prevailed. But this is an unreasonable approach as it fails to credit the time spent on general case matters or the importance, complexity, or legal merit of the successful claim.

Defendants also contend that Plaintiffs should not be compensated for time spent working on the motion for attorney fees, but do not provide authority on that point. Courts may reduce a fee award for time spend on the "preparation of a motion that demanded little of counsel's time," for example when a party submits unreasonably high hour totals on preparing "boilerplate" motions. *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 950 (9th Cir. 2007) (internation quotation marks

omitted). However, a party may be compensated for drafting a motion for fees. *See id.* Defendants do not argue that Hall's tally of 3.7 hours is unreasonably high, but merely that it should be excluded because it was spent on this motion. They are incorrect.

Ultimately, because Plaintiffs achieved only partial success, some adjustment to the lodestar is warranted. *See Soler v. Cnty. of San Diego*, 2021 WL 2515236, at *11 (S.D. Cal. June 18, 2021) (quoting *Hensley*, 461 U.S. at 436) ("When a party achieves 'only partial or limited success,' however, then compensation for all of the 'hours reasonably expended on the litigation as a whole . . . may be an excessive amount.'"). Plaintiffs prevailed on one of their three claims, thus reducing the lodestar figure by two-thirds is reasonable. This reduction gives weight to each claim and adequately recognizes all of counsels' meritorious work for their clients. The Defendants' suggested application of a proportional equation, on the other hand, is inappropriate. Their methodology and resultant fee reduction of 84.5 percent does not accurately reflect the briefing process and may create perverse incentives. Therefore, applying a reduction of two-thirds is appropriate, resulting in an adjusted lodestar figure of $18,758.00.

## II.  Costs

Plaintiffs seek $664.00 in costs. (*See* Doc. 42-1 at 1–2.) Defendants do not substantively address this request. Rule 54(d) of the Federal Rules of Civil

Procedure creates "a presumption for awarding costs to prevailing parties." *Quan v. Computer Scis. Corp.*, 623 F.3d 870, 888 (9th Cir. 2010) (internal quotation marks omitted), abrogated on other grounds by *Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409 (2014). It also "places on the losing party the burden to 'show why costs should not be awarded.'" *Id.* (quoting *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944–45 (9th Cir. 2003)). Recoverable costs include "[f]ees of the clerk." 28 U.S.C. § 1920(1). Here, Plaintiffs seek to recover their $402.00 filing fee and their $262.00 pro hac vice admission fee. (*See* Doc. 42-1 at 1.) Because Plaintiffs' request is reasonable and Defendants do not substantively contest it, $664.00 shall be awarded.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that Plaintiffs' motion for attorney fees (Doc. 38) is GRANTED IN PART. Plaintiffs are awarded $18,758.00 in attorney fees and $664.00 in costs.

IT IS FURTHER ORDERED that the Clerk is directed to enter Judgment consistent with the Court's June 4, 2024 Order, (*see* Doc. 37), and this Order.

DATED this 27th day of August, 2024.

Donald W. Molloy, District Judge
United States District Court

10